IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PHILLIP C. ELLIS AND HEIDI B. ELLIS,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD LEMONS, M.D., PRIMARY CHILDREN'S HOSPITAL, CHELSEA GRIFFIN, EMILY HELM, AND UTAH DIVISION OF CHILD & FAMILY SERVICES,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR OFFICIAL SERVICE OF PROCESS<br><br><br>Case No. 2:15-CV-212 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion for Official Service of Process. For the reasons discussed below, the Court will grant the Motion in part.

I.   BACKGROUND

Plaintiffs filed a Motion for Leave to Proceed *In Forma Pauperis* on March 30, 2015, which the Court granted on April 13, 2015. Plaintiffs' Complaint was subsequently lodged and an Amended Complaint was received on April 21, 2015. Plaintiffs now seek service of process.

Plaintiffs allege that Richard Lemons, M.D., attempted to force chemotherapy on their minor child C.E. Plaintiffs allege that blood tests have shown that C.E. is free of disease. Despite this, Plaintiffs allege that when they tried to return to their home in California, Dr. Lemons enlisted the Utah Division of Child and Family Services to force them to stay in Utah and force C.E. to undergo chemotherapy. Plaintiffs assert claims against Dr. Lemons, various

1

staff members at Primary Children's Hospital,[1] two employees of the Utah Division of Child and Family Services ("DCFS"), and the Division itself.

## II.  DISCUSSION

Plaintiffs seek service of process pursuant to 28 U.S.C. § 1915.  Under § 1915(e)(2)(B)(ii), the Court must dismiss the case if the Court determines that the action "fails to state a claim on which relief may be granted."  The Court applies "the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that [it] employ[s] for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."[2]  In that context, the Court "look[s] for plausibility in th[e] complaint" and reviews "the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."[3]

A pro se complaint is construed liberally.[4]  "[T]his rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, . . . or his unfamiliarity with pleading requirements."[5]  Notwithstanding this liberal review, it is not the "proper function of the district court to assume the role of advocate for the

---

[1] The caption of Plaintiffs' Complaint and Amended Complaint lists Primary Children's Hospital as a Defendant, but the body of both pleadings seeks to assert claims against unnamed individuals employed at the Hospital.  As such, Plaintiff does not appear to assert any claims against the Hospital.

[2] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[3] *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).

[4] *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2

pro se litigant."[6] As such, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[7]

Plaintiffs assert claims under 18 U.S.C. § 241, 18 U.S.C. § 242, 42 U.S.C. § 1983, and 42 U.S.C. § 1985.[8]

As an initial matter, the Court will dismiss Plaintiffs' claims under 18 U.S.C. §§ 241 and 242. These statutes are criminal provisions and do not provide for a private right of action.[9] Therefore, Plaintiffs' claims under these provisions must be dismissed. In addition, the Court must dismiss the claims against "Primary Children's Hospital Staff performing their duties under the management of Dr. Lemons."[10] There are insufficient allegations against these individuals to state a plausible claim.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[11] Though Plaintiffs' Amended Complaint is not particularly clear, they appear to assert Due Process and Equal Protection claims. At this point, the Court cannot find that Plaintiffs have failed to state a claim. While not affirmatively ruling that Plaintiffs' claims would survive a motion to dismiss, the Court believes

---

[6] *Id.*

[7] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citation omitted).

[8] Plaintiffs also invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332, but only appear to assert federal claims.

[9] *See Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (citing *Newcomb v. Ingle*, 827 F.2d 675, 677 n. 1 (10th Cir. 1987), *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989)).

[10] Docket No. 6, at 2.

[11] *West v. Atkins*, 487 U.S. 42, 48 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

that there are sufficient allegations to allow for service of process on all remaining Defendants, except DCFS.

DCFS is an arm of the state. A state and its arms are entitled to Eleventh Amendment Immunity unless such immunity has been waived.[12] Even if immunity has been waived, which is not the case here, a state and its arms are not "persons" within the meaning of § 1983.[13] Therefore, the Court will dismiss Plaintiffs' § 1983 claims against DCFS.

Turning lastly to Plaintiffs' § 1985 claim, the Court finds that that claim also must be dismissed. "The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."[14] Section 1985(3) does not "apply to all tortious, conspiratorial interferences with the rights of others," but rather, only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus."[15] "In other words, '[i]n order to support a section 1985(3) claim, the plaintiff must be a member of a statutorily protected class, and the actions taken by defendant must stem from plaintiff's membership in the [protected] class.'"[16] Plaintiffs have failed to sufficiently allege that they were the victims of a race or class-based invidiously discriminatory animus. Therefore, Plaintiffs' § 1985(3) claim will be dismissed.

---

[12] *McLaughlin v. Trustees of State Colleges of Colo.*, 215 F.3d 1168, 1170 (10th Cir. 2000) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).

[13] *Id.* at 1172 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

[14] *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)).

[15] *Griffin*, 403 U.S. at 101–02.

[16] *Yaklich v. Grand Cnty.*, 278 F. App'x 797, 802 (quoting *Silkwood v. Kerr-McGee Corp.*, 637 F.2d 743, 746 (10th Cir. 1980)).

In sum, the Court will grant Plaintiffs' Motion for Official Service of Process. However, the Court will dismiss all of Plaintiffs' claims except for their § 1983 claims as against Defendants Lemons, Griffin, and Helm.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Official Service of Process (Docket No. 5) is GRANTED IN PART, as set forth above.

The United States Marshal shall serve a copy of the Amended Complaint and summons, along with this Order, upon the following defendants:

Richard Lemons, M.D.
100 North Mario Capecchi Drive
Salt Lake City, Utah 84113

Chelsea Griffin
861 East 900 North
American Fork, Utah 84003

Emily Helm
861 East 900 North
American Fork, Utah 84003

All costs of service shall be advanced by the United States.

It is further

ORDERED that Plaintiff shall serve upon the defendants, or if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the clerk of the court a certificate stating the date that a true and correct copy of any document was mailed to the defendants or their legal counsel.  Any paper received by a district

judge or magistrate judge which fails to include a certificate of services will be disregarded by the Court.

DATED this 28th day of April, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge