IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PHILLIP C. ELLIS AND HEIDI B. ELLIS,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD LEMONS, M.D., CHELSEA GRIFFIN, AND EMILY HELM,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL<br><br><br>Case No. 2:15-CV-212 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion for an Extension of Time to File a Notice of Appeal. Plaintiffs sought appeal from this Court's judgment entered on January 26, 2016, and filed a Notice of Appeal on March 10, 2016, beyond the 30 day time period allowed under Federal Rule of Appellate Procedure 4(a). Plaintiffs now request an extension of time for filing a Notice of Appeal under Rule 4(a)(5).

Under Rule 4(a)(5),

The district court may extend the time to file a notice of appeal if:
(i)     A party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
(ii)    Regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Plaintiffs filed their Motion for Extension of Time on March 17, 2016, within 30 days after the time prescribed by Rule 4(a) expired. The Court may extend the time upon a showing of "excusable neglect or good cause."

"The factors relevant to an excusable-neglect decision include the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings,

1

the reason or the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[1]  Under this standard, an extension should not be granted absent circumstances that are unique and extraordinary.[2]

The good cause standard applies when the excusable neglect analysis does not.[3]  "Good cause comes into play 'in situations in which there is no fault—excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.'"[4]

In their Motion, Plaintiffs assert that they filed an "Entry of Appearance" form rather than a "Notice of Appeal" form at the misdirection of a court clerk, but immediately filed the correct form when the mistake was discovered.  However, this is not a situation that was brought about by something outside the control of the movant—for example, if the Post Service had failed to deliver a notice of appeal.[5]  Neither is it a circumstance that is unique and extraordinary.  Plaintiffs, though proceeding pro se, are held to the same rules of procedure which apply to other litigants.[6]  "[I]nadvertence or mistake in construing the rules does not usually constitute excusable neglect"[7] nor does inexperience or ignorance of the procedures.[8]  Nothing prevented

---

[1] *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004) (internal quotation marks and citation omitted).

[2] *Id.* at 1207.

[3] *Id.*

[4] *Id.* (quoting Fed. R. App. P. 4(a)(5) advisory committee's note to 2002 Amendments).

[5] Fed. R. App. P. 4(a)(5) advisory committee's note to 2002 amendment.

[6] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[7] *Magraff v. Lowes HIW, Inc.*, 217 F. App'x. 759, 761 (10th Cir. 2007) (unpublished).

[8] *Goldwyn v. Donahoe*, 562 F. App'x. 655, 658 (10th Cir. 2014) (unpublished).

Plaintiffs from filing a timely notice of appeal.  Accordingly, the Court will deny Plaintiff's Motion for Extension of Time.

It is therefore

ORDERED that Plaintiffs' Motion for Extension of Time (Docket No. 65) is DENIED.

DATED this 25th day of April, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge